State of Missouri ex rel. Maguire, relator, v. Draper, State Auditor.

THE STATE OF MISSOURI *ex rel.* C. MAGUIRE, Relator, *v.* DANIEL M. DRAPER, STATE AUDITOR, Respondent.

1. *Constitution, State, does not prohibit amendments or repeals by implication —Construction of statute.* — The act of March 18, 1870, touching the assessment and collection of revenue on real estate, by implication repeals such portions of the revenue act (Wagn. Stat. 128, particularly § 88, p. 1198) as are repugnant to and inconsistent with it. The State constitution (see art. IV, § 25) does not prohibit amendments by implication. It has not said that when an act is passed inconsistent with a preceding one, so that both can not stand, the latter one shall be void, and the earlier one shall prevail; but has left the law as it always has been, viz: that when two statutes are inconsistent and repugnant, the one last enacted shall be considered in force. But in order to supplant previous ones, statutes must be clearly repugnant; for a legislative attempt to repeal will not be assumed if any other construction can be given to the subsequent act. The prior act will not be disregarded if it can stand with the other.

The method provided by section 66, chapter 12, Gen. Stat. 1865, of delivering the tax book to the county auditor, who is to make out the tax bills and furnish them to the collector, is repugnant to the act of March 18, 1870, and must be controlled by it.

2. *Revenue—Tax delinquents, penalty imposed on — School fund.* — The Legislature plainly intended, by section 4 of the act of March 18, 1870 (Sess. Acts 1870, p. 115), to divert the ten per cent. penalty imposed upon tax delinquents from the school fund and add it to the tax of each kind.

## *Petition for Mandamus.*

*H. A. Clover*, for relator.

The act of March 18, 1870, attempts to amend many sections of the old law, and nowhere sets forth or publishes these sections as amended. The law ought, therefore, to be declared void. (Davis v. State, 7 Md. 151–9; Langdon v. Applegate, 5 Ind. 330; Walker v. Caldwell, 4 La. Ann. 297; Heirs of Düverge v. Salter & Marcy, 5 La. Ann. 94; Rogers, Adm'r, v. State, 6 Ind. 31.) So, with reference to the provisions of the acts of 1865, '66, '67, '68, '69, the act of 1870 would be totally inoperative. (Cooley on Const. Lim. 151–2.)

*H. B. Johnson*, Attorney-General, for respondent.

I. The power to pass a law amending or repealing a former law by implication can not be doubted unless the Legislature be

restrained from so doing by the constitution. (Morris v. Crocker, 13 How. 438; Bowen v. Lease, 5 Hill, 221; 1 Kent's Com. 463; Nichols v. Squire, 5 Pick. 168; Ellis v. Page, 1 Pick. 43–45; Bartlett v. King, 12 Mass. 537; Pease v. Whitney, 5 Mass. 380; Pearce v. Atwood, 13 Mass. 324; Commonwealth v. Kimball, 21 Pick. 373; 1 Law Reporter, S. C., 270; The King v. Justices, etc., 2 B. & A. 818; Attorney-General v. Chelsea W. W. Co., Fitzg. 195; Dash v. Van Kleeck, 7 Johns. 477; Columbian Manufacturing Co. v. Vanderpool, 4 Cow. 556; Harrington v. Trustees of Rochester, 10 Wend. 547; Livingstone v. Harris, 11 Wend. 329; In the matter of Van Wyck, 3 C. H. Rec. 113; Brown v. Osborne, 2 Cow. 457.)

II. Every affirmative statute is a repeal by implication of a preceding affirmative statute so far as it is repugnant thereto. (Foster's Case, 6 Coke, 107; Smith v. State, 4 Ind. 500; State v. McDonald, 38 Mo. 529; Dexter v. Limerick Plank Road Co., 16 Barb. 15; Dash v. Van Kleeck, *supra;* Livingston v. Harris, *supra;* Harrington v. Trustees of Rochester, *supra.*)

III. The constitutional provision (art. IV, § 25) does not prohibit the Legislature from amending or repealing a law by implication. Statutes which only amend or repeal by implication are not within the above provision. (Spencer v. State, 5 Ind. 51; Branham v. Lange, 16 Ind. 502; Const. of Indiana, art. IV, § 21; Cooley on Const. Lim. 151–2; People v. Mahoney, 13 Mich. 496.)

IV. While repeals by implication are disfavored by the law (19 Vin. Abr. 525; McCartee v. Orphan Asylum Society, 9 Cow. 437; Duer, 674; 9 Barb. 268–302; Mayor, etc., of N. Y. v. Walker, 4 E. D. Smith, 258; Bowen v. Lease, 5 Hill, 221; Williams v. Potter, 2 Barb. 316; People v. Deming, 1 Hilt. 271; 13 How. Pr. 441; Van Rensselaer v. Snyder, 9 Barb. 260; Naylor v. Field, 5 Dutch. 287; State v. Berry, 12 Iowa, 58; Attorney-General v. Brown, 1 Wis. 525; Dodge v. Gridley, 10 Ohio, 177; Hirn v. State, 1 Ohio St. 20; McCool v. Smith, 1 Black, 459; New Orleans v. Southern Bank, 15 La. Ann. 89; State *ex rel.* Vastine v. McDonald, 38 Mo. 529), still, in the absence of any constitutional prohibition, the power to pass such laws is

undoubted, but clearly repugnant language is required.  In this case the two laws are clearly repugnant.  They are totally irreconcilable.  Both can not be executed — can not subsist together.

BLISS, Judge, delivered the opinion of the court.

The relator, as tax collector for St. Louis county, seeks to compel the State auditor to allow, to be paid out of the State treasury, half the fees for advertising the land delinquent list for 1870, provided in the State revenue act (section 138, page 1212, Wagn. Stat.) ; and the attorney-general, on behalf of the auditor, demurs to the petition.

The question raised by the demurrer pertains to the validity and legal effect of the act of March 18, 1870, concerning revenue, its assessment and collection (Sess. Acts 1870, p. 114).  Is the act constitutional in form, and does it supersede and by implication repeal such portions of the revenue act as are repugnant to and inconsistent with it ? and especially section 88, chapter 13, Gen. Stat. 1865 (Wagn. Stat. 1198), providing for the advertisement of the delinquent list.

Counsel for relator, to sustain the position that the constitutional mode of amending laws has not been complied with, refers to article IV, section 25, which provides that " the act revised, re-enacted, or the act or part of act amended, shall be set forth and published at length, as if it were an original act or provision."  A question has sometimes arisen in other States, in construing a provision of the same import, whether the original section or act to be amended should be set forth in full as well as the act as amended ; and the affirmative was held in Walker v. Caldwell, 4 La. Ann. 297, which holding was followed as binding authority in Langdon v. Applegate, 5 Ind. 327, not so much from the reason of the decision as from the fact that the Louisiana constitutional provision was substantially copied in Indiana after it had received this construction.  But Judge Cooley, in his excellent treatise upon constitutional limitations, sensibly remarks (p. 152): " It is believed, however, that the general understanding of the provision in question is different, and that it is fully complied with in letter and spirit if the act or section revised

or amended is set forth and published as revised or amended, and that anything more only tends to render the statute unnecessarily cumbrous." The statute under consideration, however, does not purport in terms to amend or repeal any particular act or section, and can only be held to have that effect by implication.

Counsel urge upon our consideration the embarrassments and inconveniences arising from attempting to amend by implication such important statutes as those pertaining to revenue, and show that the doubts and uncertainties as to what is really the law against which the constitutional provision referred to was provided, still exist, if such implied amendments or repeals are sustained. We are fully aware that doubts and uncertainties not only must exist from imperfection of language and want of foresight, but also are often created by the careless or inconsiderate action of legislative bodies. But still we can not pronounce that action illegal, and invalidate the enactment, unless it plainly contravenes some constitutional provision. The constitution has gone so far as to prohibit amendments in terms, except in a particular way, but it has not prohibited amendments by implication. It has not said that when an act is passed inconsistent with a preceding one, so that both can not stand, the latter one shall be void and the earlier one shall prevail, but has left the law as it always has been, viz : that when two statutes are inconsistent and repugnant, the one last enacted shall be considered in force. This must be so in the nature of things, for the last enactment is the latest expression of the Legislative will, and must prevail, unless it contains some inherent vice that prevents it becoming a statute.

In many cases it would be difficult, if not impracticable, to re-enact and repeal all statutes inconsistent with a new enactment, though in the present case it would have been easy to have done so, and it would perhaps have saved some study and doubt on the part of the financial officers of the State and counties. But the ease with which it might have been done renders it less likely that these officers will be misled by the change. The act of 1870 introduces a new mode of enforcing the collection of taxes — one which dispenses with the old machinery that has

proved so inefficient, and one which promises to give tax sales the validity of execution sales upon private judgments, and thus check the great and growing evil arising from the disposition of men to shirk the burden of aiding in the support of government while enjoying its protection. So far as the mode is new it is inconsistent with the old method, and clearly inconsistent with those parts of the old act which seem to have been followed by the relator.

Counsel have cited no authorities which deny the power of repeal by implication, and I have been unable to find any. On the other hand, cases are numerous, and that have arisen under constitutions like our own, where such repeals are sustained. The subject is considered at some length in The People v. Mahoney, 13 Mich. 481, and repeals by implication are still sustained.

In Spencer v. The State, 5 Ind. 41, the subject is considered at still greater length, numerous cases cited, and the old doctrine unequivocally sustained. So in Branham v. Lange, 16 Ind. 497, and in all the cases that have arisen, whether under constitutions with or without the provision referred to, and now contained in our own. The text-books (Sedgwick, p. 125, and Cooley, p. 152) adopt the same view.

The constitution is silent upon the question of implied repeals; and whether or not, as so elaborately argued by counsel, the same evil results from allowing such repeals as those specially provided against in that instrument, we can not create a new prohibition, or give to the present one a scope beyond its import, and beyond the construction universally given it.

But, while repugnant statutes necessarily supplant previous ones, they must be clearly repugnant; for unless the legislative intent is expressed in terms, it will not be assumed if any other construction can be given to the subsequent act. The saving of all prior acts not expressly repealed and not repugnant to the General Statutes, was only the expression of the general law; and in The State v. McDonald, 38 Mo. 529, a special act was held not to have been repealed by such statutes, because not clearly repugnant to them. This principle is as clearly recognized as the necessity of implied repeals, and arises from the

duty of courts to give effect to the legislative will in all cases where it can be done; and when such will is expressed in two different acts, one will not be disregarded if it can stand with the other; if not, it is but natural to infer that the later is intended to supersede the earlier.

In the act under consideration the changes are greater, and their inconveniences more likely to be felt in St. Louis county than in any other part of the State, though I think they are greatly magnified by counsel. No change is made in the mode of the general assessment in St. Louis or elsewhere, though in collecting the taxes certain duties of the auditor of that county seem to be dispensed with, and the "land tax book" is now to be delivered to the collector, as in other counties. The method provided by section 66, chapter 12, Gen. Stat. 1865, of delivering the tax book to the county auditor, who is to make out the tax bills and furnish them to the collector, etc., is repugnant to the latter requirement, and must be controlled by it. Which is the best system is not for us to say. The Legislature must be supposed to have known the character of the change they were making, and to have believed the intervention of the auditor in the premises to be no longer necessary.

Counsel also refer to the change made by section 4 of the new act in appropriating the ten per cent. penalty imposed upon delinquents by diverting it from the school fund, to which it was given by the act of 1868, and adding it to the tax of each kind, and insist that the Legislature could not have intended any such change. But we have the best possible evidence — the act itself — that that body did intend to make the change; and there is nothing so unreasonable in it as to warrant a court in disregarding the legislative intention so plainly expressed.

Without going more into detail, we can only say that we see nothing to warrant an interference on behalf of the relator, or to warrant us in casting any doubt whatever upon the validity of the new act. The considerations addressed to us by counsel are rather to the legislative than the judicial ear, and to the law-making body the opponents of the act should resort.

The peremptory writ is refused. The other judges concur.