# McGREW, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY.

## Division Two, November 17, 1903.

1. **Location of Towns:** JUDICIAL NOTICE.  The court in passing on the validity of statutes regulating freight charges by railroads, will take judicial notice of the direction from the point of shipment of certain towns named in the petition.

2. **Freight Rates:** SECS. 2629 AND 2637, R. S. 1889: REPEAL.  Section 2629, Revised Statutes 1889 (being same as section 1126, Revised Statutes 1899), was not repealed by implication by the enactment of section 2637, Revised Statutes 1889 (being the same as section 1134, Revised Statutes 1899).  Section 2629 had and has for its object the regulation of freight charges in any direction, in the same or opposite direction, on the same road and over any portion of the same road, regardless of "circumstances and conditions," and section 2637 by its terms is limited to the regulation of freight charges for shipments over that part of the railroad "in the same direction, under similar circumstances and conditions."  They can both stand together, and for a violation of the terms of the former by the railroad, by charging greater freight rates for the shipping of coal to a town in one direction than is charged by the same road for shipping coal a greater distance to a town in another direction, the shipper can recover three times the difference in the amount of the charges, as damages.

3. ——: ——: ——: CONSTITUTION.  The fact that section 2629 was passed in obedience to the express mandate of the Constitution is a cogent reason for holding that section 2637 did not repeal it.

4. ——: REGULATION OF FREIGHT RATES.  The people through their Constitution and the Legislature have plenary power to control common carriers like railroads.

5. ——: ——: PURPOSE: DISCRIMINATIONS.  The purpose of section 2629, Revised Statutes 1889, was to prevent a common carrier from discriminating against one locality or shipper in the interest of a rival locality or shipper, by charging the one higher freight rates than is charged the other.  Such a statute will be construed in the most beneficial way which its language will permit, so as to prevent common carriers from infringing on the equal rights of individuals.

6. ———: DISCRIMINATIONS. Under the Constitution and statutes of this State a shipper on a railroad can not be required to pay larger charges for freight going in one direction than that paid by other shippers on like freight going for the same distance in another direction; and if the railroad makes such discrimination it must respond in damages.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED.

*Alexander Graves* for appellant.

(1)   Section 2659 (which was a part of the legislation of the extra session of 1887) expressly provides: "This act is not intended to repeal any law now in force, not in direct conflict, but is intended to be supplemental to such laws." It is clear that section 2629, was enacted in pursuance of two sections of the Constitution and contains the exact language of section 12, and that section of the Constitution made it mandatory on the Legislature to pass just that law upon which this action is based.   And section 14 of the Constitution made it mandatory on the Legislature to "pass laws to correct abuses." The abuse corrected by said section 2629 is the charging of fifty-five cents per ton for mine-run coal from Myrick to Kansas City, a distance of forty-two miles, as against forty cents per ton from Myrick to Boonville, a distance of seventy-seven miles.   Now Kansas City and Boonville are admitted by the demurrer, as are all the other facts charged in the petition, to be truly stated as being on the defendant's line of road. And the court will take official notice that from Myrick they are in opposite directions of each other.   Hence it will be readily discerned that section 2637 (passed at extra session of 1887) has no application or reference to a shipment of that character, because by its terms it expressly provides for the shorter and longer "dis-

tance over the same line in the same direction." Therefore, the two sections 2629 and 2637 are wholly consistent with each other, dealing as they do with entirely different objects. Both sections can stand together consistently and both can be practically applied with full vigor. State ex rel. v. Walbridge, 119 Mo. 389. (2) The object of the two statutes are not the same. The statutes upon which the action is based has for its object the regulation of freight charges in any direction over any portion of the railroad regardless of "circumstances or conditions" and is in the language of section 12, article 12 of the Constitution. The statute of the extra session of 1887 has for its object the regulation of freight rates over the same part of the railroad in the "same direction, under similar circumstances and conditions," and both may stand together. The foregoing proposition is settled law. "It is necessary to the implication of a repeal that the objects of the two statutes are the same in the absence of a repealing clause. If they are not, both statutes will stand, though they may refer to the same subject." United States v. Claflin, 97 U. S. 552; People v. Platt, 67 Cal. 22; Rosborough v. Boardman, 67 Cal. 116; Rawson v. Rawson, 52 Ill. 62; U. S. v. Gear, 3 How. (U. S.) 120; Miller v. Edwards, 8 Colo. 528; Bowen v. Lease, 5 Hill (N. Y.), 225; State ex rel. v. County court, 41 Mo. 553. (3) Section 2629 upon which the action is based, was section 820, Revised Statutes 1879, and was passed in obedience to the mandate of the Constitutional provisions above quoted and is embraced within the police power of the State to be exercised for the public welfare, and is beneficial. State v. Loomis, 115 Mo. 313; Budd v. New York, 143 U. S. 533; Munn v. Illinois, 94 U. S. 123; Railroad v. Humes, 115 U. S. 518; Walker v. Sauvinet, 92 U. S. 92; Owens v. Railroad, 83 Mo. 454; Sewell v. Railroad, 119 Mo. 222. If the law, in the opinion of the corporation, works hardship or injustice, the court can not intervene for its relief. "The

ballot-box and not the judiciary must be appealed to.'' Gibbons v. Ogden, 6 Curtis 12; Budd v. New York, supra; Railroad v. Humes, supra; Powell v. Penna, 127 U. S. 686; Munn v. Illinois, supra; Walker v. Sauvinet, supra; Missouri v. Lewis, 101 U. S. 32; State v. Loomis, 115 Mo. 314; County Court v. Griswold, 58 Mo. 192.

*M. L. Clardy* and *Wm. S. Shirk* for respondent.

(1) The demurrer to the petition was rightfully sustained. It did not allege that the longer and shorter hauls, mentioned in the petition, were made ''under similar circumstances and conditions,'' or ''in the same direction.'' Without these allegations the petition stated no cause of action. Sections 1126 and 1134, Revised Statutes 1899, must be read together. They can be read and construed together, and together be effectuated and enforced. It is one of the cardinal rules of the construction of statutes that if they can be read together without contradiction or repugnancy or absurdity or unreasonableness, they should be read together and both have effect. Ex parte Joffee, 46 Mo. App. 360; State to use v. Herman, 70 Mo. 441; Cole v. Skrainka, 105 Mo. 303; Kane v. Railroad, 112 Mo. 34. (2) Section 1134, Revised Statutes 1899, is constitutional. The Legislature was fully authorized to enact this section under section 14, article 12, of the Constitution, which directs the General Assembly to pass laws to correct abuses and prevent unjust discrimination and extortion in the rates of freight and passenger tariffs. This is exactly what section 1134 undertakes to do. (3) As an instance where different sections of the statute will be read or construed together, see McGrew v. Railroad, 114 Mo. 210. In that case the action was based entirely on section 2631, Revised Statutes 1889 (section 1128, Revised Statutes 1899), and the triple damages allowed by Revised Statutes 1899, sec-

tion 1140, sued for. But by section 1136, Revised Stat-
utes 1899, the rates fixed by the statute or by the rail-
road commissioners were deemed reasonable. In that
case, the plaintiff ignored the last-named section, as
the plaintiff in this case ignores section 1134, and
failed to allege that the rates charged were in excess
of the rates fixed by the railroad commissioners, or by
the statute. The court held that sections 2631 and 2639
(R. S. 1889) must be read together, and that one suing
for unreasonable or unjust rates, must, by the allega-
tions of his petition, bring himself within the terms of
the statute, and that the petition was fatally defective
in not alleging that the rates charged were in excess of
the rates fixed by statute, or approved by the railroad
commissioners. So here, sections 1126 and 1134, Re-
vised Statutes 1899, must be read together and the dif-
ferent counts of plaintiff's petition are fatally defec-
tive, because by their allegations they do not bring the
case within the terms of section 1134, Revised Statutes
1899. (4) If appellant's contention is right, then un-
der no circumstances or conditions could a common car-
rier charge more for a short than a long haul, nor could
it make either free or reduced rates for carrying the
property of the United States nor of the State of
Missouri, nor for any fair, exposition, religious, scien-
tific, benevolent or charitable purpose. Because all
these rights and privileges are given by said section
1134.

GANTT, P. J.—The plaintiff brought his action
returnable to the December term, 1899, of the Lafay-
ette Circuit Court.

Omitting caption, the petition is in the following
words:

"Plaintiff avers that the defendant is and has
been ever since the month of October, 1879, a railroad
corporation duly organized under the general corpor-
ation law of the State of Missouri, and on the dates and

at the times hereinafter named was engaged in the transportation of freight and passengers between the points in said State as hereinafter set forth. That the plaintiff is and was during all the dates hereinbefore and hereinafter named engaged in the coal business, having his mines near Myrick, one of defendant's stations, shipping coal to Kansas City, Missouri, another of defendant's stations. That the plaintiff shipped by defendant's line of railroad on certain days of September, 1897, from said Myrick, to various persons, as consignees, at said Kansas City, the following freight, to-wit: 138.60 tons of mine-run coal, in cars numbered 12665, 12558, 105, 4145, 3923, 10960, and 4112, for which defendant fixed, charged, demanded and received fifty-five cents per ton of plaintiff, and said charge and payment of said freight rate was fifteen cents per ton more than defendant was by law entitled to fix, demand, charge and receive in this, to-wit: That during all the said time and dates hereinafter named defendant had fixed, charged, demanded and received over its said line and over another part of its said road from said station of Myrick and to another of its said stations, namely, Boonville, Missouri, a distance of seventy-seven miles, for the transportation of mine-run coal forty cents per ton by the carload, while the distance from said Myrick to said Kansas City was only 42.3 miles for which said charge of fifty-five cents per ton for said freight was fixed, charged, demanded and received, and the same was illegal and exceeded the amount that the defendant was entitled to charge, fix, demand and receive for said shipments in the sum of $20.77, an itemized account whereof is herewith filed marked 'Exhibit A.' Wherefore plaintiff avers that he is aggrieved and damaged in the sum of $20.77, for which he asks judgment, and for his costs, and for all other relief to which he may be entitled under the statute in such cases made and provided.''

The remaining twenty counts in the petition are

identical with the first count above copied, being for each successive month down to and including May, 1899, for similar illegal freight charges on coal shipped from said Myrick to Kansas City, amounting in the aggregate to $2,206.29.

To this petition defendant demurred on the ground that neither of the counts stated a cause of action, and the court sustained the demurrer, and plaintiff declining to amend, judgment was rendered for defendant and plaintiff appealed to this court.

.The aggregate claimed was $2,206.29, and the prayer for judgment was for treble this amount, or $6,618.87.

The action is statutory and is grounded on section 2629, Revised Statutes 1889, now section 1126, Revised Statutes 1899, and is the same as section 820, Revised Statutes 1879, which is in these words:

"No railroad corporation organized or doing business in this State, under any act of incorporation or general law of this State, . . . shall directly or indirectly charge or collect, for the transportation of goods, merchandise or property on its said road for any distance, any larger or greater amount, as toll or compensation, than is charged or collected for the transportation of similar quantities of the same class of goods, merchandise or property over a greater distance upon the same road, nor shall such corporation charge different rates for receiving, handling or delivering freight at different points on its road, . . . nor shall any such railroad corporation charge or collect, for the transportation of goods, merchandise or property over any portion of its road, a greater amount as toll or compensation than shall be charged or collected by it for the transportation of similar quantities of the same class of goods, merchandise or property over any other portion of its road of equal distance; and all such rules, regulations or by-laws of any railroad corporation, as fix, prescribe or establish any greater toll or compensation than as here-

inbefore prescribed, are hereby declared to be void.''
[Sec. 820, R. S. 1879.]

Other sections of the Revised Statutes of 1889 applicable to the point are section 2636, which forbids any undue or unreasonable preference to any particular person, company, corporation or locality in the transportation of goods; and section 2643, which allows treble damages for the doing of any act or thing by said act prohibited to the person injured thereby; and section 2659, which provides that ''this article is not intended to repeal any law now in force, unless in *direct conflict* therewith, but is intended to be supplemental to such laws.''

Section 2637, Revised Statutes 1889, provides that, ''It shall be unlawful for any such common carrier to charge or receive any greater compensation in the aggregate for the transportation of like kinds of property under similar circumstances and conditions for a shorter than a longer distance over the same line in the same direction. Provided, however, that nothing contained in this section shall apply to the carriage, storage or handling of property, either free or at reduced rates, for the United States, for the State of Missouri, or for any fair, exposition, religious, scientific, benevolent or charitable purposes.''

Sections 12 and 14 of article 12 of the Constitution of Missouri contain the following provisions:

''It shall not be lawful in this State for any railroad company to charge for freight or passengers a greater amount for the transportation of the same, for a less distance than the amount charged for any greater distance; and suitable law shall be passed by the General Assembly to enforce this provision; . . . but excursion and commutation tickets may be issued at special rates.''

Section 14 is as follows: ''Railways heretofore constructed, or that may hereafter be constructed in this State, are hereby declared public highways, and

railroad companies common carriers. The General Assembly shall pass laws to correct abuses and prevent unjust discriminations and extortion in the rates of freight and passenger tariffs on the different railroads in this State and shall from time to time pass laws establishing maximum rates of charges for the transportation of passengers and freight on said railroads, and enforce all such laws by adequate penalties.''

I. The sole question for determination on this appeal is, did the circuit court err in sustaining defendant's demurrer to plaintiff's petition?

If section 2629, Revised Statutes 1889, now section 1126, Revised Statutes 1899, was still in force and unrepealed at the time the alleged shipments of mine-run coal were made by plaintiff over defendant's railroad from Myrick to Kansas City and for which defendant charged and collected fifty-five cents per ton, and if defendant during the same time only charged other shippers of coal from Myrick to Boonville (a greater distance than from Myrick to Kansas City) forty cents on the same class of merchandise, then the petition states a good cause of action and the demurrer should have been overruled; but if, as defendant insists, section 1126, Revised Statutes 1899 (or sec. 2629, R. S. 1889) had been repealed by necessary implication by the enactment of section 2637, Revised Statutes 1889, now section 1134, Revised Statutes 1899, then the demurrer was properly sustained for the reason that if section 1134, Revised Statutes 1899, governed, the plaintiff's petition is defective in failing to aver that the excessive rates were charged for shipments made under *similar circumstances and conditions, and over the same line and in the same direction.''*

It is obvious at the outset that the plaintiff was not endeavoring to state a case under section 1134, Revised Statutes 1899, because this court will take judicial cognizance that a shipment from Myrick to Kansas City

was not in the same direction that the shipment from Myrick to Boonville was, but in fact was in an *opposite direction*. If plaintiff must rely on section 1134, it is plain he could not recover on the facts alleged.

But if section 1126 was and is still the law of this State, his allegations state a cause of action, because that section does not confine the prohibition against discrimination in freight rates to shipments in the *same direction*, and *under similar circumstances and conditions*, but forbids the defendant company to charge or collect over any portion of its road "a greater amount as toll or compensation than it charges or collects for the transportation of similar quantities of the same class of goods, merchandise or property over *any other portion* of its *road of equal distance;*" that is to say, whether in the same or *opposite direction*, and consequently that section, if still in force, fully covered the charge of discrimination made by plaintiff of a shipment over defendant's road in an opposite direction.

In view of the organic and statutory provisions above noted, the judgment of the circuit court can be sustained only on the ground upon which it based it, to-wit, that section 1126, Revised Statutes 1899 (or sec. 2629, R. S. 1889), was repealed by the passage of the Act of 1887 of which section 2637, Revised Statutes 1889, or section 1134, Revised Statutes 1899, was a part and known as section 4 of that act (Laws, Ex. Sess, 1887, p. 17), and such is now the contention of defendant.

Whether the enactment of section 2637, Revised Statutes 1889 (section 4 of the Act of 1887) repealed section 2629 of Revised Statutes of 1889 is the question to which we must address ourselves. The law on this subject is settled in Missouri. "Repeals by implication are not favored by the courts, for cogent and sufficient reasons, not necessary to repeat, and the prior law is to be upheld if the two acts may well subsist together."

"In order that the latter shall operate a repeal of the former, the two acts must be irreconcilably incon-

sistent, or it must clearly appear that the Legislature intended by the latter act to prescribe the only rule that should govern in the case provided for." [Manker v. Faulhaber, 94 Mo. loc. cit. 439 and 440.]

In State ex rel. v. Walbridge, 119 Mo. 389, this court, through Judge SHERWOOD, said: "A repeal by implication must be by necessary implication. It is not sufficient to establish that the subsequent laws *cover some* or *even all* of the cases provided by it; for they may be merely affirmative, cumulative, or auxiliary. But there must be *positive repugnancy* between the provisions of the new law and those of the old; even then the old law is repealed by implication only *pro tanto* to the extent of the repugnancy."

Applying these long-recognized principles of construction to these two sections 2629 and 2637, Revised Statutes 1889 (or sections 1126 and 1134, Revised Statutes 1899), it is at once apparent that by their terms they were intended to apply to *different conditions*.

The first, or section 1126, Revised Statutes 1899, had and has for its object the regulation of freight charges *in any* direction, the same or opposite directions, on the same road and over *any portion* of the same road, regardless of "circumstances or conditions," and is in the language of the Constitution itself, article 12, section 12, supra, whereas section 1134, Revised Statutes 1899, by its terms is limited to shipments over that part of the railroad *"in the same direction, under similar circumstances and conditions,"* and both can readily stand together. [State ex rel. v. County Court, 41 Mo. 53; State ex rel. v. Draper, 47 Mo. 29.]

Moreover, we are not left in doubt as to the intention of the Legislature when it passed section 1134, Revised Statutes 1899, because in the same act it declared in section 2659, Revised Statutes 1889, "This act is not intended to repeal any law now in force unless in direct conflict therewith, but is intended to be supplemental to such laws."

As section 1134 in no manner attempted to regulate freight charges in *opposite directions,* and as section 1126 did provide for shipments in opposite as well as in the same direction, it is obvious that section 1134 did not intend or attempt to repeal the law provided for a state of case to which it had no reference whatever, and hence is not repugnant to the provisions of the former act.

Another and cogent reason why section 1134 should not be held to have repealed section 1126 is, that the latter was passed in obedience to the mandate of the Constitution itself, in section 12 of article 12 of that instrument.

That the people in their organic law and the Legislature, had plenary power to thus legislate for the control of common carriers like railroads, is too plain for discussion, and being a legislative function, it is not for the courts to thwart the action of the General Assembly. If any reason were necessary to support this enactment of the Legislature, it might easily be discerned in the purpose of the Legislature to prevent a common carrier from discriminating against one locality or shipper in the interest of a rival locality or person.

It is easy to conceive two cities or towns or manufacturing plants being equidistant from coal mines on the same railroad and in opposite directions, and if section 12 of article 12 of the Constitution, and section 1126, Revised Statutes 1899, were not in force, the people of the one locality or a manufacturer therein, would be required to pay such excessive rates on its fuel as to amount to a virtual deprivation, whereas its rival or competitor might grow rich at its or his expense by virtue of a monopoly of all the coal.

The purpose of the framers of the Constitution, and of the people in adopting it, and of the Legislature in carrying into effect this provision in section 12 of article 12, as it did by the passage of section 1126, was

clearly to require the railroads of the State to serve all shippers on the same terms and to prevent unjust discrimination. Such a statute will be construed in the most beneficial way "which its language will permit, to . . . favor public convenience and to avoid all prejudice to public interests." [Sutherland on Stat. Con., sec. 324.]

Section 5 of article 12 of our Constitution ordains that the police power shall never be "so construed as to permit corporations to conduct their business in such manner as to infringe *the equal rights of individuals*."

There is no reason why a shipper on the same railroad shall be required to pay greater compensation or larger tolls on the same class of freight or property going in one direction than that paid by other shippers on like freight in an opposite direction for the same distance, and the Constitution, and section 1126 passed in obedience to it, clearly prohibits that he should.

Without further elaboration, we are of opinion that the passage of section 1134, Revised Statutes 1899, did not repeal section 1126, Revised Statutes 1899, by implication, and that the latter section is still in force and was operative when the alleged shipments were made, and the petition, therefore, stated a good cause of action, and the demurrer was erroneously sustained. The judgment of the circuit court is reversed and the cause remanded for trial.

*Burgess* and *Fox, JJ.*, concur.