JAMES McGREW, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 5 and May 7, 1906.

1. APPELLATE PRACTICE: Effect of Decision: Matters Settled.
The decision of an appellate court, is the law of the case and
determines not only all questions referred to in the opinion but
all matters properly before the court.

2. ————: Railroads: Statute: Remedy. Under the opinion in this
cause when in the Supreme Court, it must be held that the
remedy afforded by section 1140, Revised Statutes 1899, applies
to causes of action grounded on section 1126 of said statute,
though not set forth in such opinion in express words.

3. RAILROADS: Freight Rates: Commission. Under the opinion
of the Supreme Court it cannot be held that the defendant ac-
quired any right to impose an unlawful freight rate from an
approving act of the board of railroad and warehouse commis-
sioners, since said board has no power to authorize violations
of positive law and its rulings are not conclusive upon the
courts.

Appeal from Lafayette Circuit Court. — *Hon. Samuel
Davis*, Judge.

AFFIRMED.

*Martin L. Clardy* and *John Cashman* for appellant.

(1) Plaintiff's petition states no cause of action.
It does not allege that the longer and shorter hauls men-
tioned therein were made under "similar circum-
stances and conditions," or "over the same line," or
"in the same direction." (2) Section 1126 stands wholly
inoperative and of no force whatever, by reason of the
fact that the act of 1887 (Session Acts, Extra Session,
supra), covers the whole ground, and more formerly
covered by the act of 1872 (Section 1, Session Acts,
1872, page 70), which is now section 1126, and hence

supersedes it; that is, the laws passed at the Extra Session of 1887, covered the whole ground of all previous acts on these subjects and especially that covered by the act of 1872 and operates as an absolute repeal of section 1126. A statute is impliedly repealed by a subsequent one revising the whole subject matter of the first. Young v. Railway, 33 Mo. App. 514; Barr v. Flynn, 20 Mo. App. 388; Meriweather v. Love, 167 Mo. 514; State v. Roller, 77 Mo. 129 and authorities there cited; Wells v. Railway, 110 Mo. 286-289; 17 Ann. Report Railroad Coms. of Mo. 155 on page 253 and 254, In re Sewals case; Bowen v. Railway, 118 Mo. 541; 23 Am. & Eng. Ency. Law (1 Ed.), p. 495. (3) The question here now presented for the first time, has evidently been entirely overlooked heretofore. It is certain that the Supreme Court's attention was not called to it in the former appeal. That is, that section 1160, R. S. 1899, was a part of the same original act of 1872, as section 1126, and prescribed the penalty for the violation of section 1126. With this then in view we submit that the circuit court had no authority to render the judgment in this case. And that the plaintiff's petition states no cause of action.

*Alexander Graves* for respondent.

Filed an argument.

JOHNSON, J. — Action to recover damages on account of excessive charges imposed by defendant as a common carrier for the carriage of sundry shipments of coal from Myrick, Missouri, to Kansas City. The petition contains twenty-one counts (each shipment being pleaded as a separate cause of action) and is founded upon section 1126, Revised Statutes 1899. It appears from the averments of the petition that Kansas City and Boonville, Missouri, are on defendant's road, but in opposite directions from Myrick. Kansas City

is forty-two and Boonville seventy-seven miles distant from Myrick. Defendant's rate on coal in car lots from Myrick to Kansas City is fifty-five cents per ton and from Myrick to Boonville forty cents per ton. Defendant exacted from plaintiff, a shipper the regular rate on shipments to Kansas City and in each count damages are claimed in the amount of the excess paid over the Boonville rate. Judgment is asked for treble damages under section 1140, Revised Statutes 1899. Defendant demurred to the petition on the ground that no cause of action was pleaded. The demurrer was sustained; plaintiff refused to plead further; judgment was entered for defendant and plaintiff appealed to the Supreme Court, where the judgment was reversed and the cause remanded. [McGrew v. Railway, 177 Mo. 533.] Defendant then, in due time, answered admitting the various shipments; the amount of the charges paid; the rates to Kansas City and Boonville; the fact that both cities were on defendant's road and their respective distances from Myrick, all as alleged in the petition, and pleaded a number of special defenses, in substance as follows:

That the rates of fifty-five cents per ton to Kansas City and forty cents per ton to Boonville were reasonable, not discriminative in favor of the latter city; were fixed and authorized by the board of railroad and warehouse commissioners. And that the rate to Boonville was reduced below a reasonable charge in order to enable the mines and coal miners at Myrick to compete at Boonville with coal from competitive mines at Higbee, and to enable defendant to meet the competition of the Missouri, Kansas & Texas Railroad Company.

On motion of plaintiff, all of these affirmative defenses were stricken from the answer by the court. Defendant refused to plead further and, under its admissions, judgment was given plaintiff on each count for single damages — treble damages being waived by plaintiff — and defendant appealed. The cause was sent to

this court and, on motion of defendant alleging among others the ground that a constitutional question was involved, we certified it to the Supreme Court, but, on motion of plaintiff filed in that court, the cause was remanded here and is before us for determination.

We regard the decision of the Supreme Court in McGrew v. Railway, supra, as the law of this case and determinative, not only of all questions referred to in the opinion filed, but of all others properly before the court on that appeal. The question settled in that decision may thus be stated: Section 1126, Revised Statutes 1899, is not in conflict with sections 12 and 14, article 2, of the State Constitution, nor was it repealed by the subsequent enactment of section 1134, Revised Statutes 1899. "It has for its object the regulation of freight charges in any direction, the same or opposite directions, on the same road, regardless of circumstances or conditions," as applied to shipments of the same class of property in similar quantities.

But it is urged by defendant that the remedy afforded the shipper under section 1140, Revised Statutes 1899, which permits the recovery of "three times the amount of damages sustained in consequence of the violation of the provisions of this act," etc., does not inure to a cause of action based upon a violation of section 1126, for the reason that section 1140 was enacted concurrently with section 1134 in 1887 (section 10 of "An Act to regulate railroad corporations," page 20, Session acts 1887, Extra Session) and, therefore designed to provide a remedy for violation of section 1134 exclusively, whilst section 1126 was enacted in 1872 (Session Acts 1872, page 61, section 1), and in the same Act section 4, now section 1160, Revised Statutes 1899) a penalty was provided for violation thereof as follows: The carrier "shall forfeit and pay for any such offense any sum not exceeding one thousand dollars . . . to be recovered by civil action by the party aggrieved,"

etc. Therefore, it is argued that the only remedy open to the shipper for the enforcement of a cause of action founded on section 1126 is that provided in section 1160 and, as the causes of action pleaded in the petition are for the recovery of damages and not for the enforcement of a penalty, the action must fail.

One answer sufficiently disposes of this argument. When the case was before the Supreme Court, the petition was identical to that before us and the court considered the causes of action therein pleaded in their relation to the various statutory enactments and held in effect, though not in express words, that the remedy afforded by section 1140 applied to causes of action grounded on section 1126. The court could not have avoided the consideration of that question and we must assume that, in holding the petition good, it was ruled against the contention of defendant.

Under the views expressed by the Supreme Court, we cannot sanction the suggestion that defendant could acquire any right to impose an unlawful rate from an approving act of the board of railroad and warehouse commissioners. In the state of the record before us, we must assume that the rate of fifty-five cents per ton to Kansas City was authorized by that body. If it was in fact so approved, the board acted beyond the scope of its lawful power, for it had no authority to authorize violations of the positive law. The rules of these officers are not conclusive upon the courts. [Ross v. Railroad, 111 Mo. l. c. 25.]

The judgment is affirmed. All concur.