FILED 228
Honorable Lowell McCuskey Prosecuting Attorney Osage County Post Office Box L Linn, Missouri 65051
Dear Mr. McCuskey:
This letter is in response to your request for an opinion of this office asking essentially whether Section 247.180, RSMo Supp. 1976 and Section 190.055, RSMo Supp. 1975, relating respectively to elections in water districts and elections in ambulance districts are still applicable in view of the enactment of Senate Substitute for House Bill 101 of the First Regular Session, 79th General Assembly (hereinafter referred to as House Bill 101). The same request regarding water district elections has been submitted to us by the Honorable Roy L. Richter, Prosecuting Attorney of Montgomery County, and the Honorable C. E. Hamilton, Prosecuting Attorney of Callaway County. We are answering all three requests by this opinion.
House Bill 101 contains an effective date of January 1, 1978. Section 1.020.
Section 1.001 of the act provides that the act shall be known as the Comprehensive Election Act of 1977.
Section 1.005 of the act provides that the purpose of the act is to simplify, clarify and harmonize the laws governing elections. It also provides that it shall be construed and applied so as to accomplish its purpose.
Section 1.010 of the act provides that notwithstanding any other provision of law to the contrary, this act shall apply to all public elections in the state.
Section 1.015 of the act provides that no part of this act shall be construed as impliedly amended or repealed by subsequent legislation if such construction can be reasonably avoided.
Subsection 24 of Section 1.025 of the act contains the definition of "special district" and provides that the term means ". . . any school district, water district, fire protection district or other district formed under the laws of Missouri to provide limited, specific services; . . ."
Both of the sections to which you refer were enacted prior to House Bill 101. On the other hand, both sections are clearly specific and relate to specific subjects. Further, it is clear from an examination of House Bill 101 that neither of the sections about which you inquire were expressly repealed and therefore the simple question that remains is whether or not there is a necessary repeal by implication of such sections because of the provisions of House Bill 101.
We note from an examination of House Bill 101 that it was originally introduced containing the effective date of January 1, 1979. It is our understanding that such effective date would have given the legislature ample time to harmonize other provisions of the law, such as the ones in question, with the provisions of that bill. However, in final passage the effective date of the law was moved back one year, as we indicated, to January 1, 1978.
Several basic principles of statutory construction are involved. First, we must ascertain legislative intent. In determining such legislative intent the court should ascribe to the statutory language its plain and rational meaning.Gas Service Company v. Morris, 353 S.W.2d 645 (Mo. 1962). Thus, as far as the legislative intent is concerned, it is clear that the legislature intended that House Bill 101 be a comprehensive election law applying to all public elections in the state, including special district elections as defined therein.
The second basic principle of statutory construction is that special statutes usually prevail over general statutes even though the general statute is later in point of time. See V.A.M.S.,Construction of Statutes, § 1.020, Note 95. A typical case supporting such holding is State ex rel. Monier v. Crawford,262 S.W. 341 (Mo.Banc 1924). There is also authority for the proposition that where the general act is later the special statutes will be construed as remaining an exception to its terms unless it is repealed in express words or by necessary implication. Dalton v.Fabius River Drainage Dist., 219 S.W.2d 289 (St.L. Ct.App. 1949). However, the court in the absence of compelling authority to the contrary will avoid a construction of a statute which would run counter to the plain and consistent legislative intent. State onInf. Taylor v. Kiburz, 208 S.W.2d 285 (Mo.Banc 1948). Further, the primary purpose of interpretation of a statute is to reach the true legislative intent. State ex rel. Brokaw v. Board ofEducation of City of St. Louis, 171 S.W.2d 75 (St.L. Ct.App. 1943). Thus, it seems clear that where the legislative intent is obvious it will control, and under such a construction, House Bill 101 would have to be given its clear meaning unless it is constitutionally objectionable.
In State ex rel. McNary v. Stussie, 518 S.W.2d 630 (Mo.Banc 1974), the court considered the constitutionality of Senate Bill 438, adopted by the 77th General Assembly, which allegedly reduced the minimum age of jurors to age eighteen. The context of Senate Bill 438 is set out in that case and we will not repeat it here. In its opinion the court considered the holding of State ex rel.Maguire v. Draper, 47 Mo. 29 (1870) and stated, l.c. 635:
 "In Maguire the question presented involved the validity and legal effect of a statute adopted in 1870 with reference to assessment and collection of revenue. It did not purport to amend any existing act or section thereof and made no reference thereto. Instead, it purported to be an act complete within itself. However, it was repugnant to and inconsistent with portions of a previously enacted revenue act. The court overruled a contention that the 1870 act violated Art. IV, § 25 of the 1865 Constitution, saying l.c. 32:
 `* * * The statute under consideration, however, does not purport in terms to amend or repeal any particular act or section, and can only be held to have that effect by implication.
 `* * * The Constitution has gone so far as to prohibit amendments in terms, except in a particular way, but it has not prohibited amendments by implication. It has not said that when an act is passed inconsistent with a preceding one, so that both cannot stand, the latter one shall be void and the earlier one shall prevail, but has left the law as it always has been, viz: that when two statutes are inconsistent and repugnant, the one last enacted shall be considered in force.'
 "The doctrine applied in Maguire simply recognizes that occasions do occur in which some repugnance or inconsistency exists between two statutes adopted by the legislature. In such a situation, the court will attempt to reconcile them and apply both, but if this is not possible and both cannot stand, the later act will be held to have repealed by implication the earlier of the two acts, thereby giving effect to the most recently expressed legislative intent of the General Assembly. However, the doctrine applies only when the two inconsistent statutes each purport to be complete and independent legislation. 82 C.J.S. Statutes § 262a, p. 432. Furthermore, repeal by implication is not favored. State ex rel. George B. Peck Co. v. Brown, 34 Mo. 1189, 105 S.W.2d 909 (1937); Vol. I, Cooley's Constitutional Limitations (8th ed.), p. 316.
 "The Maguire case and the doctrine of repeal or amendment by implication are not pertinent to the issue of the constitutionality of what § 3 of Act 70 [the court referring to Vernon's Missouri Legislative Service, 1974, which set forth Senate Bill 438] undertakes to do. Act 70 is not a completely new statute with reference to jurors, which is repugnant to the previously existing statute on the subject. Instead, without even specifically referring to the juror statute (or, for that matter, others to which Act 70 might be considered to be applicable), Act 70 undertakes on a blanket or shotgun basis to strike out of all statutes (except as provided in §§ 2 and 4 of Act 70) the words `twenty-one years of age' and to substitute therefor the words `eighteen years of age'. The statutes uses the phrase `shall be deemed to mean' but it is clear that a substitution of terms is intended and this is confirmed by the direction given to the revisor of statutes."
Thus, the court in State ex rel. McNary v. Stussie, supra,
concluded that the provisions there in question violated Section 28 of Article III of the Constitution which provides in part as follows:
 ". . . No act shall be amended by providing that words be stricken out or inserted, but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or a section amended, shall be set forth in full as amended."
It is also a basic rule of construction that the courts must be reluctant to declare statutes unconstitutional and must resolve all doubts in favor of the validity of a legislative act. Stateex rel. McClellan v. Godfrey, 519 S.W.2d 4 (Mo.Banc 1975).
The question then is whether or not, from a constitutional standpoint, House Bill 101 has the constitutional invalidity found to exist in, State ex rel. McNary v. Stussie, supra, or whether it comes within the terms of State ex rel. Maguire v. Draper,supra. We view House Bill 101 as a complete act in itself relating to elections and, as we noted, it specifically includes special districts.
It was stated in State ex rel. Maguire v. Draper, supra, that the Constitution does not prohibit repeals by implication and that when two statutes are inconsistent and repugnant the last one enacted shall be considered in force. The court stated, l.c. 32-33:
 ". . . This must be so in the nature of things, for the last enactment is the latest expression of the Legislative will, and must prevail, unless it contains some inherent vice that prevents it becoming a statute.
 "In many cases it would be difficult, if not impracticable, to re-enact and repeal all statutes inconsistent with a new enactment, though in the present case it would have been easy to have done so, and it would perhaps have saved some study and doubt on the part of the financial officers of the State and counties. But the ease with which it might have been done renders it less likely that these officers will be misled by the change. The act of 1870 introduces a new mode of enforcing the collection of taxes — one which dispenses with the old machinery that has proved so inefficient, and one which promises to give tax sales the validity of execution sales upon private judgments, and thus check the great and growing evil arising from the disposition of men to shirk the burden of aiding in the support of government while enjoying its protection. So far as the mode is new it is inconsistent with the old method, and clearly inconsistent with those parts of the old act which seem to have been followed by the relator."
And the court continued, l.c. 33:
 "But, while repugnant statutes necessarily supplant previous ones, they must be clearly repugnant; for unless the legislative intent is expressed in terms, it will not be assumed if any other construction can be given to the subsequent act. . . ."
It is our view that House Bill 101 comes under the ruling of the Supreme Court in State ex rel. Maguire v. Draper, supra,
and not under the court's ruling in State ex rel. McNary v.Stussie, supra, Thus, to the extent that there is clear inconsistency or repugnancy between House Bill 101 and the earlier statutes to which you refer, it is our view that House Bill 101 controls.
Although we do not attempt here to determine all the questions that may arise, this means then that despite the provisions of Section 247.180, RSMo Supp. 1976, voters in order to participate in water district elections must be registered pursuant to Section 7.025 of House Bill 101 which provides that except as provided in subsection 2 of Section 7.020 and Section 9.005, no person shall be permitted to vote in any election unless he is duly registered in accordance with that act. Similarly, election dates set for such water districts and such ambulance districts must conform to the requirements of Section 6.005 of House Bill 101.
Finally, in order to avoid confusion and litigation, we strongly recommend that the General Assembly harmonize all such conflicting prior statutes as expeditiously as possible. In this regard we are advised that the Office of the Secretary of State is preparing the necessary legislation. This office will also assist the General Assembly in any way desired toward that end.
CONCLUSION
It is the opinion of this office that Senate Substitute for House Bill 101 of the First Regular Session, 79th General Assembly, effective January 1, 1978, repeals by implication contrary provisions of Section 247.180, RSMo Supp. 1976, relating to water district elections and of Section 190.055, RSMo Supp. 1975, relating to ambulance district elections.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General