BERNARD KNOLL, Respondent, *v.* HENRY WOELKEN ET
AL., Appellants.

**February 13, 1883.**

1. SERVICE OF SUMMONS — SHERIFF'S RETURN. — Two returns of summons,
made on the same day, one showing service by copy, and the other show-
ing personal service, are not inconsistent, and they show personal service.

2. JUDGMENTS — COLLATERAL ATTACK. — The judgment of a court which
had jurisdiction of the subject-matter and of the person, cannot be im-
peached in a collateral proceeding.

3. —— That the tax-bill sued on in a former suit was void and did not au-
thorize the judgment, does not go to the jurisdiction, and cannot avail in
a collateral proceeding.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*
BROADHEAD & HAEUSSLER, for the appellants.
H. B. O'REILLY, for the respondent.

BAKEWELL, J., delivered the opinion of the court.
This was ejectment for a parcel of ground in the city
of St. Louis. The cause was tried without a jury, and the
finding and judgment were for plaintiff.

No instructions were asked or given, and no questions
arise upon the admission or exclusion of evidence.

It appears that the defendant, Mina Wolff, owned two
lots in the city of St. Louis, which are the property in
question. Against these lots a special tax-bill was issued
to one Eyermann for work done in improving the street.
This tax-bill appears to have been void, the two contiguous
lots having been treated as one in the tax-bill and the whole
amount being assessed against the property as one lot. It is
settled that such a bill will not authorize a judgment upon
the whole, nor for a separate amount on each lot. *Chris-
tian* v. *Taussig*, 8 Mo. App. 602. Eyermann assigned

this tax-bill to Staed, who commenced suit upon it in the St. Louis Circuit Court. In this action Mina Wolff was personally served, as appears by the return of the sheriff. She denies that she was served. But, as to this, the return of the sheriff is to be taken as conclusive in this proceeding, on well-settled principles of law. Mina Wolff made default, and there was a judgment in due form, upon which an *alias* execution was issued, which was levied upon the property in question here, and against which the tax-bill had been declared a lien. The property was duly advertised and sold by the sheriff, and was purchased by Eyermann for $35, being about one-fortieth of its value. The sheriff conveyed to Eyermann in due form, and Eyermann conveyed to plaintiff by warranty deed. Plaintiff appears to have paid full value to Eyermann for the property. He is not shown to have had any notice of anything beyond the facts appearing of record.

The summons in the suit of *Staed* v. *Wolff* (the action on the special tax-bill) had two returns of the same date,— one, crossed out by blue pencil marks, showing service by copy at the residence with a member of the family, and the other showing personal service.

These returns are not inconsistent; both services may have been had on one day. At any rate, the fact remains that the sheriff returns that he served Mina Wolff on October 20th, by delivering to her a copy of the writ and petition.

The only question presented by the record is, whether the circuit court erred in giving effect to the judgment in the case of *Staed* v. *Wolff*.

There can be no doubt that there was no error in this. The court before which that case was tried had jurisdiction of the person of defendant, as shown by the return of the sheriff. It also had jurisdiction of the subject-matter,— that is, it had jurisdiction to render judgment on a special tax-bill. That this particular bill was void and would not

authorize the judgment rendered, was matter of defence, to be set up in that action, but did not go to the question of jurisdiction at all. It is immaterial that there are errors in that record, unless they be such as show that the court had no jurisdiction of that case, or that the judgment was one that it had no power to render. If the claim of Mina Wolff, that she was never served in that action, is true, it would appear that her remedy is an action against the sheriff for a false return.

As the alleged errors do not affect the jurisdiction of the court, according to well-settled principles, the judgment under which plaintiff claims title is not void, and the trial court committed no error in giving effect to it. *Cooper* v. *Reynolds*, 10 Wall. 308.

The judgment is affirmed. All the judges concur.