KINNEY et al. v. EASTERN TRUST & BANKING CO.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1903.)

No. 1,167

1. MUNICIPAL CORPORATIONS—BONDS—ACTIONS—MANDAMUS—PARTIES.

Where a judgment had been recovered in an action on certain municipal bonds in favor of the holders, taxpayers were not entitled to be made parties to a subsequent suit to enforce the judgment by mandamus, for the purpose of having the judgment opened and relitigating the validity of the bonds.

2. SAME—NATURE—PROCEEDINGS.

A mandamus proceeding to enforce a judgment on municipal bonds against a corporation is not a new suit against the taxpayers of the

¶ 1. Enforcement of judgment against municipality by mandamus, see note to Holt Co. v. National Life Ins. Co., 25 C. C. A. 475.

municipality, but is purely ancillary to the original action, and a substitute for the ordinary process of execution.

**3. SAME—JUDGMENTS—CONCLUSIVENESS—PARTIES.**

Holders of municipal bonds, not parties to a suit in a state court in which bonds of the same issue were declared void, were not bound by the decree.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Alfred J. Thomas and C. E. McBride, for plaintiff in error.

Squire, Sanders & Dempsey, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. Some time in 1892, acting under a statute of doubtful constitutionality, the city of Wooster, Wayne county, Ohio, issued bonds to the amount of $76,000 in aid of a railroad. Shortly afterwards, in September, 1892, the city issued refunding bonds, under section 2703, Rev. St. Ohio 1892, and took up the railroad bonds, obviously for the purpose of placing its obligations in a valid form. The refunding bonds contained the usual recitals, were put upon the market, and found their way into the hands of innocent purchasers for value. At its January term, 1897, the circuit court of Wayne county, Ohio, at the suit of a taxpayer, held these refunding bonds invalid, and enjoined the city of Wooster from levying a tax to pay them or the coupons. It appears that in this suit one Cochran, who claimed to own one coupon, of the amount of $30, was given leave to file an answer and cross-petition on behalf of the bondholders. Otherwise, they were not represented. The city failed to pay the interest on the bonds. So suit was brought on certain coupons by the defendant in error (plaintiff below), the Eastern Trust & Banking Company, a citizen and resident of Maine, and not a party to the action in the circuit court of Wayne county, and at the January term, 1900, of the court below, judgment was recovered against the city of Wooster for $2,662.54. The case was carried on error to this court, and affirmed in November, 1900 (City of Wooster v. Eastern Trust & Banking Co., 105 Fed. 1001, 44 C. C. A. 682), upon the authority of Village of Kent v. Dana, 100 Fed. 56, 40 C. C. A. 281.

This judgment not being paid, and no other remedy being available, on March 30, 1901, application was made to the court below for a writ of mandamus against the city of Wooster, and the auditor and treasurer of Wayne county, to compel the levy and collection of a tax sufficient to pay it. On April 5, 1901, the city, through its city solicitor, answered the alternative writ, admitting the recovery of the judgment, its nonpayment, the fact there was no property with which to pay it, explaining that the judgment had not been affirmed by this court until November, 1900, and up to that time the decree of the circuit court of Wayne county, restraining the levy of a tax, was in full force and effect, and stating that it intended in May following, when the annual levies were made, to levy a tax to pay the judgment. Subsequently a supplemental answer was filed stating this had been done. It appears that under this levy an amount sufficient

to pay the judgment has been collected and is now in the hands of the court below awaiting the termination of this proceeding.

In July, 1901, the plaintiffs in error, Kinney and Overholt, members of the city council and taxpayers of Wooster, acting for themselves and other taxpayers and for the city, applied for leave to become parties defendant, and to file an answer and cross-petition averring that the bonds were invalid, that the circuit court of Wayne county had held them so, and enjoined the levy of any tax to pay them, and submitted that this adjudication of the court which had first taken cognizance of the question whether the bonds were valid or invalid should be regarded as settling the matter in favor of the city and its taxpayers. Leave was refused, and it is to reverse this order that the case comes here.

Upon the hearing of the case of Village of Kent v. Dana, 100 Fed. 56, 40 C. C. A. 281, our attention was called to this decision of the circuit court of Wayne county, but we were unable to approve of its reasoning or recognize its conclusions as obligatory. This appears in the following extract from the opinion (100 Fed. 61, 40 C. C. A. 286):

"Our attention has been called to a decision of one of the circuit courts in Ohio (an intermediate appellate court of that state) in the case of Keehn v. City of Wooster, 13 Ohio Cir. Ct. R. 270, in which it was held that the requirement of section 2703 [Rev. St. Ohio 1892] that such bonds should show upon their face the purpose for which they are issued is not met by the recital that they were issued for the purpose of refunding a legal and subsisting indebtedness of the municipality. The case of City of Cadillac v. Woonsocket Inst. for Savings [58 Fed. 935, 7 C. C. A. 574] is referred to and distinguished upon the differing language of the statutes of Michigan and Ohio; that of the former requiring that the bonds shall show the class of indebtedness to which they belong, while that of the latter requires that the bonds should show the purpose for which they are issued. But, with great respect, we think this difference is not material to the question under discussion, which is whether it is necessary, in issuing refunding bonds, to go beyond the immediate purpose, and recite the character of the original indebtedness for which the refunded bonds were issued. However, this case was decided several years after these bonds were issued, and we could not regard it as obligatory, even if it had been rendered by the highest court of the state, although we might regret the necessity for differing from it. The decision is not in harmony with the principles affirmed in the Cadillac Case, and we are compelled to disregard it."

At the time, therefore, when we affirmed the judgment the trust company is now trying to enforce, we were fully aware of the action of the circuit court of Wayne county, and had given it the serious consideration it deserved. We call attention to this in order to point out that nothing new or additional by way of defense to the original action on the coupons is being offered by the would-be intervening taxpayers. It is to be observed, further, that these taxpayers do not desire to set up any defense of a personal nature—any individual ground for being singled out for exemption from the common burden, if the judgment against the city should stand. They seek to intervene in a representative capacity, for themselves and other taxpayers and the city, for the sole purpose of assailing the judgment, of setting it aside, and of relitigating the validity of the bonds.

The question, then, is whether, in a mandamus proceeding to enforce a judgment against a municipality, any taxpayer is entitled to intervene, and go back of the judgment, and reopen the case, simply because he was not a party to the original suit. If he is, then, to make such a judgment effective, not only every existing, but every prospective, taxpayer must be made a party. Of course, this could never be done, and therefore a conclusive judgment never obtained. Each time the writ of mandamus issued to enforce the judgment, a new taxpayer would be found to open it up and relitigate the case. The supposed right of a taxpayer to intervene flows from a misconception both of the nature of the obligation upon the bonds and of the character of the mandamus proceedings to enforce the judgment. The obligation is not that of the taxpayers, but of the corporation. No one would have bought a bond to which every taxpayer was a party and against which each might set up a defense. The purchaser relied upon the faith of the corporation. The suit, therefore, was brought against the corporation, and judgment recovered against it. The mandamus proceeding is purely ancillary in character. It is not a new suit against the taxpayers. It is a mere substitute for the ordinary process of execution to enforce the judgment. Riggs v. Johnson County, 6 Wall. 166, 198, 18 L. Ed. 768.

The Eastern Trust & Banking Company was not a party to the suit in the circuit court of Wayne county, and consequently was not bound by the decree in that case. Hawley v. Fairbanks, 108 U. S. 543, 551, 2 Sup. Ct. 846, 27 L. Ed. 820. Having by the judgment of the court below, affirmed by this court, settled as against the city the validity of the bonds and its right to collect the coupons, it was entitled to a writ of mandamus to enforce that judgment. The taxpayers were not free, in the face of this judgment, to relitigate the question of the validity of the bonds. Hawley v. Fairbanks, 108 U. S. 543, 551, 2 Sup. Ct. 846, 27 L. Ed. 820; Harshman v. Knox County, 122 U. S. 306, 318, 7 Sup. Ct. 1171, 30 L. Ed. 1152; Chanute City v. Trader, 132 U. S. 210, 214, 10 Sup. Ct. 67, 33 L. Ed. 345; Fleming v. Trowsdale, 85 Fed. 189, 29 C. C. A. 106.

The court below was right in refusing to permit the taxpayers to intervene, and its order is affirmed.