MISSOURI PACIFIC RAILWAY COMPANY *v.* Mc-GREW COAL COMPANY.[1]

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 222. Argued April 26, 1917.—Decided May 21, 1917.

The court is not called upon to consider state statutes passed for the enforcement of a provision in the state constitution, when the latter as construed and applied in the case by the state supreme court is self-executing and covers the judgment in question.

As applied to a company engaged in both interstate and intrastate traffic, a state regulation, in respect of the latter only, which forbids any railroad company in general terms from charging more for a shorter haul than for a longer haul for the same class of freight over

---

[1] No. 223. *Missouri Pacific Railway Company* v. *McGrew et al., Executors of McGrew.* Error to the Supreme Court of the State of Missouri. May 21, 1917. McReynolds, J. A stipulation of counsel for the respective parties that this cause abide the decision in case No. 222 having been filed, the judgment in this case is

*Affirmed.*

any portion of its lines within the State without regard to direction, circumstances or condition, and which allows the shipper an absolute right to recover any overcharges collected from him in violation of the prohibition, is consistent with the Fourteenth Amendment, the Commerce Clause, and the Interstate Commerce Acts, in the absence of special facts and circumstances warranting a different conclusion in the particular case. *Louisville & Nashville R. R. Co.* v. *Kentucky,* 183 U. S. 503.

To claim exemption from such regulations under the Contract Clause, the existence of a special protecting contract must be shown by the record.

178 S. W. Rep. 1179, affirmed.

THE case is stated in the opinion.

*Mr. James F. Green,* with whom *Mr. Edward J. White* was on the briefs, for plaintiff in error.

*Mr. Edwin A. Krauthoff,* with whom *Mr. Alexander Graves, Mr. William S. McClintock, Mr. Arthur L. Quant* and *Mr. Maurice McNeill* were on the briefs, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Defendant in error filed a petition containing forty-seven counts in the Lafayette Circuit Court seeking to recover what it paid in excess of alleged lawful freight rates upon as many shipments of coal from Myrick, Missouri, to other points in that State. The first count follows. It is identical in substance with all others except as to dates, amount of coal shipped, charges paid, destination and comparative rates.

"Plaintiff avers that on April, 1908, it was and still is a coal mining company incorporated under the law of the State of Missouri.

"Plaintiff for 1st cause of action avers that on October,

1879, the defendant was and has been ever since a railroad corporation duly organized under the law of said state and a common carrier for hire of freight and passengers between its stations hereinafter named in said state.

"That within five years last past and on the dates hereinafter named plaintiff produced and sold bituminous coal from its own mines near Myrick, one of defendant's stations in said county, and that on the various dates named in exhibit No. 1 and in the cars therein described by number and initial, it shipped by defendant's road from said Myrick in the aggregate 867,000 pounds of its said coal in car load lots to the consignee named in said exhibit at Strasburg, Mo., another station on defendant's road.

"Plaintiff avers that for the said carriage of said coal defendant fixed, charged and demanded and received of the plaintiff 80 cents per ton, an illegal freight rate, being 30 cents per ton more than defendant was by law entitled to fix, demand, charge and receive, in this, that during all said times and dates herein named defendant had fixed, charged, demanded and received for the carriage for the same class of coal over its said line and over another part of said road from its station of Liberal, Mo., and to another of its said stations, viz., Granby in said State, a distance of 77.14 miles, 50 cents per ton by the car load while the distance from said Myrick to said Strasburg was only 61.95 miles for which said rate of 80 cents per ton for said carriage fixed, charged, demanded and received of plaintiff as aforesaid; and the same was illegal and exceeded the amount the defendant was entitled to fix, charge, demand and receive for said shipments by the sum of $130.05.

"And the plaintiff avers that it is damaged and aggrieved by reason of said illegal freight charge in the sum of $130.05; wherefore it prays judgment for the same and for damages not exceeding $1000.00 and for all other and general relief, according to the statutes in such case made and provided."

The answer to count one—identical in effect with answers to all others—formal and some presently unimportant parts being omitted, follows:

"Comes now the defendant and for its answer to the 1st count of plaintiff's petition, states that the same is founded upon the Session Laws of Missouri, 1872, page 69, now Sections 3173 and 3211 of the Revised Statutes of Missouri, 1909, and section 12 of Article 12 of the Constitution of Missouri, 1875, and that said sections are null and void and of no legal force and effect for the following reasons:

"(a). Because said sections 3173 and 3211 of the Revised Statutes of Missouri, 1909, when enacted by the Legislature were passed in violation of Section 32 of Article 4 of the Constitution of Missouri, 1865, in this:  . . .

"(b). Because said Sections 3173 and 3211 are repugnant to and in violation of Section 14 of Article 12 of the Constitution of Missouri, 1875, in this:  . . .

"(c). Because said Sections 3173 and 3211 Revised Statutes of Missouri, 1909, when re-enacted by the Legislature in 1879, were not legally re-enacted but were enacted in violation of Section 28 of Article 4 of the Constitution of Missouri, 1875, in this:  . . .

"(d). Because said Sections 3173 and 3211 of the Revised Statutes of Missouri, 1909, were repealed by an Act of the Legislature passed in 1887 entitled, 'An Act to Regulate Railroad Corporations,' passed at the extra session of 1887, same being found in the Session Laws of 1887 at page 15, now Sections 3185 and 3193 of the Revised Statutes, 1909.

"For further answer to said count, the defendant says that Section 12 of Article 12 of the Constitution of Missouri, 1875, and Sections 3173 and 3211 and Sections 3185 and 3193 of the Revised Statutes of Missouri, 1909, are in violation of Section 1 of Article 14 of the Amendments to the Constitution of the United States in this: That said

sections of the Constitution of Missouri and of the Revised Statutes of Missouri, deprive defendant of its property without due process of law and deny to it the equal protection of the laws.

"   .  .  . Sections 3173 and 3211 of the Revised Statutes of Missouri, 1909, are repugnant to and in violation of Article 5 of the Amendments to the Constitution of the United States in this: That said sections deprive the defendant of its property without due process of law.

"   .  .  . Sections 3173 and 3211 and Sections 3185 and 3193 of the Revised Statutes of Missouri, 1909, and Section 12 of Article 12 of the Constitution of Missouri, 1875, are in conflict with Section 8 of Article 1 of the Constitution of the United States and the various laws passed by Congress thereunder in this: That the said defendant is engaged in interstate commerce and owns and operates various lines of railroad as a part of its system which run into other states than Missouri and into the States of Kansas, Colorado, Nebraska, Oklahoma, Illinois, Arkansas and Louisiana, and that the train in which the plaintiff's property described in said count was being transported was at the time engaged in interstate commerce and contained car load lots and shipments of merchandise consigned and being carried from points without the State of Missouri to points within this state, and from points within this state to points without the same and from points without this state across the State of Missouri and to points in other states, and that by reason of the premises this state is without jurisdiction to adopt and pass the sections herein named and to enforce the provisions of the same against this defendant while so engaged in interstate commerce.

"   .  .  . Sections 3173 and 3211 and Sections 3185 and 3193 of the Revised Statutes of Missouri, 1909, and Section 12 of Article 12 of the Constitution of Missouri, 1875, are in conflict with Section 8 of Article 1 of the Con-

stitution of the United States and the various laws passed by Congress thereunder in this: That the defendant's railroad is an interstate road and its lines extend over and through the States of Missouri, Kansas, Colorado, Nebraska, Illinois, Oklahoma, Arkansas and Louisiana, and that it is engaged in interstate commerce over its said lines through all of said states and operates trains over the same in transporting freight and passengers through said States; that said section of the Constitution of Missouri and sections of the Revised Statutes seek to compel the defendant arbitrarily to fix its rates in this State and in all of said States and in comparison with rates existing in all such States without regard to the laws passed by Congress regulating interstate commerce.

"   . . . Defendant denies each and every allegation therein contained. . . ."

Upon motion, the trial court struck from the answer "all alleged defenses pleaded to each of the counts in the petition except the traverses." No evidence was offered except the stipulation quoted below:

"It is hereby stipulated between the parties that the defendant's stations, the rates charged by the defendant, including those paid by the plaintiff, the amount of coal transported and the distance set out in the several counts of the petition are correctly stated therein. It is further stipulated that such coal was delivered by the plaintiff to the defendant for shipment in the usual and ordinary way without any direction or request by plaintiff as to what particular trains the same was to be transported in and that the defendant received and transported the same in the usual and ordinary course of business, on the usual trains passing over its road. It is further agreed that the trains in which the defendant hauled said cars of coal contained other cars and shipments consigned from points within this state to points without the same, from points without the same to points within this state and from

points without this state through this state and to points in other states."

A jury being waived, the court rendered judgment upon each count for alleged overcharge, without penalty,— on the first count $130.05, total upon all $16,504.19; and this action the state Supreme Court affirmed. 178 S. W. Rep. 1179.

The insistence here is that, as construed and applied § 12, Article XII Missouri constitution (1875), and, also, §§ 3173 and 3211, Revised Statutes (1909), deprive plaintiff in error of property without due process of law and deny it equal protection, contrary to the Fourteenth Amendment, and, also, conflict with § 8, Article 1, Federal Constitution.

Sections 3173 and 3211 originated in the Act of 1872. The first provides that no railroad corporation organized or doing business within the State shall "charge or collect, for the transportation of goods, merchandise or property over any portion of its road, a greater amount as toll or compensation than shall be charged or collected by it for the transportation of similar quantities of the same class of goods, merchandise or property over any other portion of its road of equal distance." And the second prescribes a penalty for violating the first, not exceeding one thousand dollars with costs, etc., to be recovered by aggrieved party.

The Supreme Court declared "each count of the petition is in legal effect identical with the counts of the petition in *McGrew* v. *Railroad*, 258 Mo. 23, and with those in the cases between the same parties cited in the opinion in that case, . . . differing only in amounts, dates and destination of shipments and in distances used for purposes of comparison. . . . The assignments of error in this case, in legal effect, and the points and authorities, verbatim, are identical with those in that case. The authorities cited are exactly the same." And upon the

opinion in the cause referred to, it affirmed the trial court.

In *McGrew* v. *Missouri Pacific Ry. Co.*, 258 Missouri, 23, the court followed *James C. McGrew* v. *Missouri Pacific Ry. Co.*, 230 Missouri, 496, where (the issues being the same as those here presented), after considering the whole subject, it was held that plaintiff's judgment could be sustained under § 12, Article XII, constitution of Missouri (1875) without reliance upon any statute. The court said (230 Missouri, 546): "The petition was framed upon the Act of 1872, but in view of the fact that the trial court denied the penalties asked, and allowed only the difference between the higher rates charged plaintiff and the lower rates charged by defendant for the longer distances, the judgment could be sustained upon section 12 of article 12 of the Constitution, without the aid of the Act of 1872, provided that said section of the Constitution is self-enforcing. Because if said section is self-enforcing, that is to say, if it, without the aid of any statutory enactment, makes it unlawful for a railroad company to charge more for a shorter haul than a longer one of the same class of property in any direction, the same or not, and under any or all circumstances and conditions, then clearly the measure of damages for doing the unlawful thing, in the absence of any statute upon the subject, is the amount of the excess charged for the shorter distance over that charged for the longer distance."

(561.) "Section 12 of article 12 of our Constitution clearly establishes an unconditional short-haul rule, without regard to direction or to circumstances and conditions. Said section declares that it *shall be unlawful* for any railroad company to charge for the transportation of freight or passengers a greater amount for a less distance than 'the amount charged for any greater distance.' That declaration establishes a rule, and creates a right in every passenger and shipper to a compliance with, and an

obedience to its terms.   .   .   .   Said section has the same force and effect as if it read: 'It shall not be lawful in this State for any railroad company to *charge, under penalties which the General Assembly shall prescribe,* for freight or passengers a greater amount for the transportation of the same, for a less distance than the amount charged for any greater distance.' Had said section read that way, its effect as an operative law would have been too clear for controversy. To my mind it is equally clear under the present reading."

In view of this ruling, it is unnecessary for us to consider either terms, validity, or possible application of sections of Revised Statutes mentioned in the answer.

Section 12, Article XII, constitution of Missouri provides: "It shall not be lawful in this State for any railway company to charge for freight or passengers a greater amount, for the transportation of the same, for a less distance than the amount charged for any greater distance; and suitable laws shall be passed by the General Assembly to enforce this provision; but excursion and commutation tickets may be issued at special rates." As construed and applied in the present cause, this section prohibits the carrier from charging in respect of intrastate commerce more for a shorter haul than for a longer one over any portion of its line within the State without regard to direction, circumstance or condition; and if this inhibition is disobeyed the shipper acquires an absolute right to recover any overcharge paid by him.

The record does not disclose when plaintiff in error was incorporated, or what provisions its charter contains. There is no suggestion of anything therein amounting to a contract exempting it from legislation commonly within the police power. No claim is made that the cost of moving freight over its lines in Missouri is without substantial relation to distance; and no facts are alleged which indicate material differences between conditions and cir-

cumstances under which the hauls from mines at Myrick were made and those surrounding the longer shipments for less charges over other portions of the road.

Arguments identical in principle with those now presented to show invalidity of the inhibition under consideration, because of conflict with the Fourteenth Amendment and interference with interstate commerce, were considered and rejected in *Louisville & Nashville R. R. Co.* v. *Kentucky*, 183 U. S. 503, approved in *Intermountain Rate Cases*, 234 U. S. 476, 489. And we think it must be accepted as settled that unless some controlling circumstance of a character not here disclosed is established, or a special protecting contract exists, there is nothing in the provisions of the Federal Constitution or laws presently relied on which necessarily restricts the power of a State by general rule to prohibit railway companies from receiving higher charges for shorter hauls than for longer ones when both are wholly within its borders. Such a prohibition is not necessarily an arbitrary, unreasonable or grossly oppressive measure for preventing discriminations and insuring equal and just treatment to all shippers.

We find no error in the judgment below, and it is

*Affirmed.*