MISSISSIPPI AND FOX RIVER DRAINAGE DISTRICT OF CLARK COUNTY, MISSOURI, RESPONDENT, v. A. J. AND C. A. RUDDICK, APPELLANTS.
—64 S. W. (2d) 306.

St. Louis Court of Appeals. Opinion filed November 7, 1933.

1144

*Luther & Luther, Rendlen, White & Rendlen* and *B. F. Jones* for defendants.

*B. L. Gridley* and *E. W. McManus* for respondent.

1146

BECKER, P. J.—This is a suit by the Mississippi and Fox River Drainage District of Clark County, Missouri, against A. J. Ruddick and C. A. Ruddick to collect an assessment levied against land owned jointly by them and located within the boundaries of said drainage district. The case was tried without the aid of a jury and resulted in a judgment for plaintiff, and defendants appeal.

The case was submitted to the trial court upon an agreed statement of facts from which it appears that the Mississippi and Fox River Drainage District of Clark County, Missouri, was duly incorporated as a drainage district on October 8, 1915, and that a board of supervisors was duly elected and qualified, which board, in accordance with the provisions of Section 11 of the Laws of Missouri, 1913, page 238 (now Sec. 10752, R. S. Mo. 1929), levied a uniform tax of fifty cents per acre upon each acre of land within said district "to be used for the purpose of paying expenses incurred or to be incurred in organizing said district, making surveys of the same, and assessing benefits and damages, and to pay other expenses necessary to be incurred before said board shall be empowered by specific provision of this article to provide funds to pay the total costs of works and improvements of the district," and that the defendants herein paid said levy.

It further appears that the board of supervisors of the drainage district, under Section 9, page 237, Laws of Missouri, 1913 (now Sec. 10750, R. S. Mo. 1929), appointed one E. Hitt Stewart chief engineer to "have control of the engineering work in said district, and that said Stewart filed suit and obtained judgment against the Mississippi and Fox River Drainage District for the sum of $3531.09, for services rendered by him as supervisor and chief engineer, together with other claims assigned to him arising out of the organization and preliminary work in connection with said drainage project." It is conceded that the Ruddicks, defendants herein, were nonresidents of the State of Missouri and were not made parties defendants to said action by Stewart, and individually "did not appear therein." It further appears that no appeal was taken in said case.

After Stewart had obtained said judgment against the drainage

district he instituted a suit against the drainage district and its board of supervisors in mandamus to compel the levy of an additional tax of sixty cents per acre upon each acre of land within said district for the purpose of paying his judgment, and in this action the defendants Ruddicks were not named as defendants. A hearing was had which resulted in the issuing of a peremptory writ of mandamus directing the supervisors of the drainage district to levy, assess and collect a uniform tax of sixty cents per acre, and the supervisors of the district did levy such tax.

It is admitted that the tax levied against the lands of defendants became delinquent and remains unpaid.

The agreed statement of facts further discloses that commissioners were duly appointed by the circuit court to assess the benefits and damages, and that said commissioners filed a report assessing such benefits and damages in the circuit court of Clark County, and that afterwards said report was withdrawn and that no further report of benefits or damages has been made, and that the drainage district has never been dissolved by order of any court.

The case at bar having been submitted to the trial court upon said agreed statement of facts, defendants requested an instruction to the effect that under the law and evidence the court's finding and judgment must be for the defendants, which instruction was refused, and thereafter judgment was rendered for plaintiff.

The appellants here contend that the object of their appeal is to have this court determine whether or not a drainage district may levy a tax of sixty cents per acre for the paying of expenses arising out of the organizing of the drainage district and preliminary work, over and above the fifty cents per acre provided for such purpose under Section 10752, Revised Statutes of Missouri, 1929. Upon the facts disclosed by the record this point is not before us.

Our Supreme Court has repeatedly held that a drainage district is a municipal corporation. [Honey Creek Drainage Dist. v. Invest. Co. (Mo.), 32 S. W. (2d) 753; State ex inf. Atty.-Gen. v. Hughesville Road Dist. No. 11 of Pettis County (Mo.), 6 S. W. (2d) 594; Barnes v. Constr. Co., 257 Mo. 175, 165 S. W. 723; Squaw Creek Drainage Dist. v. Turney, 235 Mo. 80, 138 S. W. 12; State ex rel. Compton v. Drainage Dist., 192 Mo. 516, 90 S. W. 722; Mound City Land Co. v. Miller, 170 Mo. 240, 70 S. W. 721, 94 Am. St. Rep. 727, 60 L. R. A. 190.]

The record discloses that Stewart's original action, as well as his action by way of mandamus, was brought against the drainage district and its board of supervisors. In light of the rulings of our Supreme Court, that in this State a drainage district is a municipal corporation, Stewart's actions were brought against the proper parties defendants, and individual landowners comprising the district were not required to be made parties defendants in either of said actions.

In Kinney v. Eastern Trust & Banking Co., 123 Fed. 297, wherein a taxpayer sought to intervene in a mandamus proceeding, the court specifically held that he had no right, and in the course of the opinion said:

"The question, then, is whether, in a mandamus proceeding to enforce a judgment against a municipality, a taxpayer is entitled to intervene, and go back of the judgment, and reopen the case, simply because he was not a party to the original suit. If he is, then, to make such a judgment effective, not only every existing, but every prospective taxpayer must be made a party. Of course, this could never be done and, therefore, a conclusive judgment never obtained. Each time the writ of mandamus issued to enforce the judgment, a new taxpayer would be found to open it up and relitigate the case. The supposed right of a taxpayer to intervene flows from a misconception both of the nature of the obligation upon the bonds and of the character of the mandamus proceedings to enforce the judgment. The obligation is not that of the taxpayer, but of the corporation. No one would have bought a bond to which every taxpayer was a party and against which each might to set up a defense. The purchaser relied upon the faith of the corporation, and judgment recovered is against it. The mandamus proceeding is purely ancillary in character. It is not a new suit against the taxpayers. It is a mere substitute for the ordinary process of execution to enforce the judgment. [Riggs v. Johnson Co., 6 Wall. 166, 198, 18 L. Ed. 768.]"

It being conceded that the circuit court had jurisdiction over the subject-matter, and our ruling from the face of the judgment that the court had jurisdiction of the proper parties defendants, the tax judgment is not void, and therefore not subject to collateral attack.

There is a distinction between the jurisdiction over subject-matter and the exercise of jurisdiction in a particular proceeding, turning upon the difference between wrongful exercise of power to hear and determine, which renders the judgment merely voidable, and a lack of power to hear the matter at all, which renders it void. [State of Mo. v. Edwards, 192 Mo. App. 413, 182 S. W. 816 (record quashed in State ex rel. Edwards v. Ellison (Mo.), 196 S. W. 752).]

Where the constitution or statute authorizes a court to do a particular thing but the power of the court to act is subject to specific limitations, a judgment of the court rendered contrary to the limitations imposed is not void for want of jurisdiction but is voidable only, and not subject to collateral attack. [Smith v. Black, 231 Mo. 681, 132 S. W. 1129; Sullinger v. West (Mo.), 211 S. W. 65.]

Where a court has jurisdiction of the subject-matter and of the parties, its judgment, in the absence of fraud in procuring it, imports absolute verity and cannot be attacked by evidence outside the record. [Strobel v. Clark, 128 Mo. App. 48, 106 S. W. 585.] And where a court of general jurisdiction has acquired jurisdiction

of a case, any subsequent error or irregularity will not oust it therefrom nor subject a judgment, in the exercise of that jurisdiction to collateral attack. [State v. Wear, 145 Mo. 162, 46 S. W. 1099.] Its judgment, however erroneous, is not void so as to be subject to collateral attack. [Harter v. Petty, 266 Mo. 296, 181 S. W. 39; Forest Lbr. Co. v. Mining Co. (Mo.), 222 S. W. 398; Abernathy v. Ry. Co., 287 Mo. 30, 228 S. W. 486.]

That the tax bill, which is the subject-matter of this suit, was void and did not authorize judgment, does not go to the jurisdiction of the court but was a matter of defense to be set up in the action and cannot avail in a collateral proceeding. [Knoll v. Woelken, 13 Mo. App. 275.] Any errors complained of, including the question of the alleged error of the trial court in issuing its writ of mandamus requiring the drainage district to levy an additional tax of sixty cents per acre to cover Stewart's judgment, could have been reviewed upon appeal of that case. No appeal having been taken from the judgment therein, the judgment became final and as to that issue is *res adjudicata.* For us to consider that assignment of error would be to permit a collateral attack on a judgment which has become a finality upon the issues in that controversy, and by which judgment the parties and their privies are precluded not only as to every matter which was presented to sustain or to defeat any of the issues in the case, but also as to any admissible matter which might have been offered for that purpose.

It is no longer open to question in this State but that the doctrine of *res judicata* and estoppel by judgment applies as well to tax cases as to ordinary litigation between individuals. [State ex rel. Blair v. Mining Co., 262 Mo. 490, 171 S. W. 356; North St. Louis Gymnastic Society v. Hagerman, 232 Mo. 693, 135 S. W. 42.] Therefore no defenses can be urged which existed anterior to the judgment, the effect of which would be to render the judgment merely defective, erroneous or voidable, but not void.

The right and opportunity to be heard in opposition to the levy of the tax to pay Stewart's judgment, on the ground that such tax was in excess of the statutory limitations permitted by Section 10752, Revised Statutes of Missouri, 1929, was afforded in the mandamus proceeding, and said judgment, which is the foundation of this suit, cannot be attacked collaterally on that issue. [State ex rel. Heutschel v. Cook (Mo.), 201 S. W. 361; Edmunston v. School Dist., 98 Iowa, 639.]

The judgment should be affirmed. It is so ordered. *Kane* and *McCullen, JJ.,* concur.