STATE OF MISSOURI at the relation of McGREW COAL COMPANY, a Corporation, and ESTELLE BARD HERMANSADER, Relators, v. B. E. RAGLAND, Clerk of Circuit Court of Lafayette County, Respondent, HENRY MORGENTHAU, JR., Director General of Railroads, Intervenor.—97 S. W. (2d) 113.

Court en Banc, October 2, 1936.*

*Blackwell & Sherman* for relators.

*W. W. Graves, Jr.,* and *Thos. J. Cole* for respondent; *Alex. M. Bull* of counsel.

*Alex. M. Bull* for Intervenor; *W. W. Graves, Jr.*, and *Thos. J. Cole* of counsel.

HAYS, J.—Original proceeding in mandamus commenced on August 31, 1932, and submitted at the present term of this court, to compel the clerk of the Circuit Court of Lafayette County to issue an execution on a judgment that was rendered in said court on February 15, 1924, in the sum of $18,730.99 in favor of said McGrew Coal Company as plaintiff and against Walker D. Hines, as Director General of Railroads, in the operation of the Missouri Pacific Railroad.

From such judgment the Director General duly appealed to this court. Andrew W. Mellon, acting as Federal Agent under the Transportation Act of 1920, was substituted in his stead as the appellant. That judgment was by this court reversed outright on August 13, 1926. The plaintiff there, relator here, had been heard on motion for rehearing, supported by an elaborate and exhaustive brief containing 242 pages of discussion and citations of authorities which after some months was overruled. The plaintiff then applied to the Supreme Court of the United States for writ of certiorari but same was denied, and shortly our mandate was issued to the circuit court on March 25, 1927. Our mandate (caption omitted) was in the usual form, to-wit:

"Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid, by the Circuit Court of Lafayette County rendered, be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which he has lost by reason of the said judgment; and that the said appellant recover against the said respondent his costs and charges herein expended, and have execution therefor. (Opinion filed.)"

It was duly attested by the clerk of this court and accompanied by a certified copy of the opinion rendered in the cause. The case in question is reported in the 315th Missouri Report at page 798, 287 S. W. 450. [Certiorari denied 273 U. S. 752, 47 Sup. Ct. 456, 71 L. Ed. 874.]

In the present proceeding the present Director General of Railroads has on motion been permitted to intervene and the present clerk of the Circuit Court of Lafayette County has been substituted for his predecessor in office, the above named respondent.

There is no dispute about the facts and the decisive question seems a simple and very limited one. Nevertheless the alternative writ, the return, and the reply fill 100 pages of printed abstract and consist for the most part of argumentation in relation to several prior decisions of this court: McGrew Coal Co. v. Railroad Co., 177 Mo. 533, 76 S. W. 995; McGrew Coal Co. v. Railroad, 230 Mo. 496, 132 S. W. 1076; and McGrew Coal Co. v. Missouri Pacific Railroad Co., 178 S. W. 1179, affirmed 244 U. S. 191, 61 L. Ed. 1075, and the same parties, 280 Mo. 466, 217 S. W. 984, affirmed 256 U. S. 134, 65 L. Ed. 864.

The issue attempted to be raised is that the prior decisions referred to interpreted Section 12 of Article XII of the State Constitution to be self-enforcing, and the Act of 1872 (Laws 1871-72, pp. 69 and 70; Sec. 9974, R. S. 1919) and the Act of 1887 (Sec. 4, Laws, 1887, Ex. Sess., p. 17; Sec. 9986, R. S. 1919) to be valid and operative. That constitutional provision and those statutes relate to discrimination in charges made by common carriers as between long and short hauls in transportation.

Relators' contentions are (a) that the opinion in the latest McGrew case, 315 Mo., supra, reversed the prior McGrew cases, supra, by holding said constitutional provision to be not self-enforcing and by giving such interpretation a retroactive effect violated Federal and State constitutional and statutory guarantees relating to retroactive laws, to due process of law and to deprivation of vested property rights accrued to the relators under the former holdings of the prior McGrew cases; by reason whereof the lack of jurisdiction of this court to reverse said judgment appears upon the face of said opinion which is therefore erroneous, void and open to either direct or collateral attack; (b) that the appellant in said cause did not raise the issue of whether or not the Act of 1872 was repealed by the Public Service Commission Act of 1913, and that part of said opinion so holding is *obiter* and not a binding adjudication. Hence, it is claimed, "the relator herein is entitled to an execution from the circuit court to the end that it may collect . . . its judgment" as originally rendered by the circuit court.

Thus, it is readily seen, the essential question at issue is whether a final judgment of this court is subject to a collateral attack by a party to it, and particularly, by way of attack directed against the opinion. As disclosed by the records of this court every legal question of substance which is attempted to be raised in this proceeding was raised, heard and finally disposed of by judgment of this court, as rendered in the case reported in the 315th Missouri, supra. Points and argument identical in principle with those now presented to show that said opinion was erroneous were considered and rejected by this court in ruling upon said motion for rehearing. These observations

should suffice, as the matter is *res adjudicata*. Yet we shall briefly pursue relators' indirect route to attain the end sought.

Unquestionably the duty would have rested on the clerk of the circuit court to issue an execution pursuant to the order given by relators if the records of that court contained a judgment authorizing an execution in their favor, and for his failure to perform that purely ministerial duty mandamus would lie. But relators' judgment had been set aside. When the case was appealed the court below lost and this court acquired jurisdiction pending the appeal, an appeal bond having been approved and filed. The right to execute the judgment was arrested and whether it might ever be executed was dependent upon what disposition this court might make of the cause. Said judgment was nullified and relators' right to execution thereon destroyed by this court's judgment of reversal. No proceeding can be had in the lower court until the mandate has been filed in such court, or at least issued (13 Ency. Pl. & Pr., pp. 837, 840). Mandate denotes the judgment, as shown above, or the judgment and order, issued by an appellate court upon the decision of an appeal or writ of error. Under the statute and under the practice of this court, a certified copy of the opinion accompanies the mandate. In certain instances—for example when the judgment is reversed and the cause remanded with directions to proceed as directed in the opinion (Pickel v. Pickel, 251 Mo. 197, 208, 158 S. W. 8; Keaton v. Jorndt, 259 Mo. 179, 190, 168 S. W. 734) and in other conceivable situations where the opinion might properly be considered—the opinion by such reference made to it becomes *pro tanto* incorporated with the judgment or mandate, which then constitutes a limited "power of attorney" to the court below. But in such cases, and many like them in that respect, they are expressly distinguished from "simple reversals and remands," as they are termed. The obvious distinction lies in the fact that the opinion in this latter class serves no interpretative function or aidful purpose. The judgment is plain, definite, certain, and leaves no judicial act to be done by the court below; and only leaves to the clerk the ministerial duty to file and docket the judgment of this court. [Secs. 1065, 1069, 1129, 1132, R. S. 1929.] The judgment appealed from and the dependent right to execution were thereby annulled. That was the situation which confronted the relators when they demanded issuance of execution.

Of the cause in question this court had full and complete jurisdiction. Such being the case, "no error in its exercise (of jurisdiction) can make the judgment void. In such cases the judgment is not subject to collateral attack for any errors committed by the court in the course of the proceedings, and it is immaterial how irregular the proceedings may have been. It has been said that when a court has jurisdiction, it has jurisdiction to commit error, that if

a judgment be merely irregular, the courts of the country pronouncing the judgment are the exclusive judges of that irregularity, and their decision binds the world. . . . The general rule is that an error of law does not furnish ground for collateral attack on a judgment." [15 R. C. L., pp. 860-861; 34 C. J. 511; Smith v. Black, 231 Mo. 681, 693-694, 132 S. W. 1129; Drainage District v. Ruddick, 228 Mo. App. 1143, 1149, 64 S. W. (2d) 306, 309.]

It clearly appearing that the relators have no legal right to maintain this proceeding, our alternative writ of mandamus is quashed. All concur, except *Tipton, J.,* not sitting.

*NOTE: Opinion filed at May Term, 1936, July 2, 1936; motion for rehearing filed; motion overruled at September Term, October 2, 1936.