166 S.W.3d 143 (2005)
In the Matter of E.F.B.D., a child under seventeen years of age.
W.H. and K.H., Petitioners-Respondents,
v.
S.B., Respondent-Appellant.
No. 26660.
Missouri Court of Appeals, Southern District, Division One.
July 5, 2005.
*144 Richard Crites, Springfield, for appellant.
Amy Boxx, Monett, for respondents.
NANCY STEFFEN RAHMEYER, Judge.
Appellant, S.B., the biological father of E.F.B.D. ("Father"), appeals the termination of his parental rights by the juvenile court of Lawrence County. This is the second time this case has been before this Court. See In re E.F.B.D., 138 S.W.3d 145 (Mo.App. S.D.2004) ("E.F.B.D. I").[1] This Court issued a decision on July 8, 2004, but the mandate did not issue until July 27, 2004; we reversed the decision terminating Father's parental rights and remanded the case back to the trial court "for further proceedings consistent with this opinion." Id. at 151. The case was remanded with directions due to the fact that the judgment indicated that the termination *145 was based on Father's alleged abuse and neglect of E.F.B.D. but the Petition for Termination only claimed that Father had abandoned E.F.B.D. Id. at 150. The basis of the abuse and neglect finding was the "fail[ure] to provide the child with adequate support, although physically and financially able to do so" in that Father was supposedly $17,000.00 in arrears in child support. Id. at 148.
On July 9, 2004, the day following the initial issuance of this Court's decision, counsel for the adoptive parents filed a "Notice to Take up Proposed Judgment"; a second "Notice" to take up the judgment was filed on July 12, 2004, with both notices referencing a hearing to be held on July 14, 2004. On that date, the court entered the following docket entry:
Now on this 14th day of July 2004 the cause was called for review hearing. The following parties appeared: JO Glenda Schoen appears without attorney. Child: [E.F.B.D.] by GAL Scott Pettit. Natural father [S.B.] does not appear. Natural mother [P.C.] does not appear. MCD by Kathy Alexander without attorney. Other: Roger Owensby attorney for MCD also appears. All parties appearing without counsel knowingly, voluntarily and intelligently waived counsel and the Court approved said waivers. The parties announce ready. Evidence was adduced. Other: The Court after review of Court of Appeals Order, the pleading herein and evidence at trial enters judgment and order terminating parental rights.
As noted, the trial court did not take additional evidence nor was Father present for the "hearing." The judgment that is the subject of this appeal substituted abandonment for abuse and neglect as the ground for termination stating,
[F]ather has repeatedly and continuously failed to provide the child with adequate support, although physically and financially able to do so and remains over $17,000.00 in arrears in his child support obligation. The father has not for a period of years and continues to fail to provide any current support for the child, although able to do so. The father has failed to visit with the child from infancy until after the child came into the custody of the Division of Family Services; making mere token efforts to locate her in the interim.
Father filed a motion for new trial, which was overruled by the trial court, alleging, inter alia, that the trial court had no jurisdiction to enter the order on July 14, 2004, because the mandate from this Court had not issued and, thus, the trial court was without jurisdiction to make any orders. The law is clear on this issue. The trial court lost all jurisdiction in this matter subsequent to the filing of the appeal and did not regain jurisdiction until our mandate was issued.
When a notice of appeal is filed, the trial court loses jurisdiction of the case and may only exercise purely ministerial or executive functions. Brock v. Steward, 519 S.W.2d 365, 367 (Mo.App. St.L.D 1975). The circuit court may only act judicially after the appellate court rules and returns the case. State v. Armstrong, 605 S.W.2d 526, 530 (Mo.App. E.D.1980). According to State ex. rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S.W.2d 113, 115 (1936), "No proceeding can be had in the lower court until the mandate has been filed in such court, or at least issued." The trial court is re-vested with jurisdiction when the mandate is issued or filed in the lower court. Dalton v. Johnson, 341 S.W.2d 596, 597 (Mo.App.Spfld.D.1960); see also State v. Thompson, 659 S.W.2d 766, 768 (Mo. banc 1983) (upholding the long-standing principle that the appellate court divests itself of jurisdiction of the *146 cause when it transmits its mandate to the lower court). Proceedings of a judicial tribunal that has no jurisdiction to act are absolutely void. Armstrong, 605 S.W.2d at 529. "Where the judgment of an appellate court calls for the remand of the cause to the trial court for further action the judgment is not self-executing but must be certified back to the trial court for execution." Durwood v. Dubinsky, 361 S.W.2d 779, 783 (Mo.1962).
As abhorrent as it is to delay the ultimate decision regarding this child, we have no choice but to dismiss this appeal because the trial court did not have jurisdiction to enter its judgment.[2]
GARRISON, P.J., and PREWITT, J., concur.
NOTES
[1] A complete recitation of the facts is not necessary for a determination of the dispositive issue in this appeal, but the underlying issue addressing the merits of the action is whether Father abandoned this child in view of the evidence that Mother disappeared with the child when the child was fourteen months of age and did not inform Father of the whereabouts of the child. Id. at 146. Father claims he attempted to locate the child but was unable to ascertain her whereabouts. There was some evidence in the testimony that a petition was filed by the Division of Child Support Enforcement to establish a child support order; however, Father claims he was never served with the papers in that action and had no knowledge of it until the present proceedings began. Id.
[2] In E.F.B.D. I, this Court indicated the case was remanded for "further proceedings." We note that the potential adoptive parents simply substituted language in a proposed amended judgment and purported to give notice to Father for a "review hearing" five days later. As the original termination petition was filed on August 2, 2002, and almost three years later no decision has yet to be made on the merits of Father's claims, it would behoove the court and all of the parties to use their best efforts to assure themselves that a judgment, which complies with the law both procedurally and factually, is available for review by this Court. If the issues raised by Father were not clear at the time of the original hearing, they certainly should be clear after two separate remands.